IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL O'BRIEN,

          Petitioner,

v.

REGIONAL CHIEF, Unit 615, Shawano,
Wisconsin Department of Corrections,
Probation and Parole,[1]

          Respondent.

OPINION AND ORDER

16-cv-105-wmc

Petitioner Michael O'Brien filed a *pro* se petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges his 2009 and 2010 convictions entered in four separate cases by the Circuit Court for Shawano County, Wisconsin. Specifically, O'Brien challenges his convictions for the following offenses:

- one count of obstructing an officer and two counts of bail jumping, entered on October 1, 2009, in case no. 09CF179;

- one count of operating while under the influence (4th offense) and one count of bail jumping, entered on October 1, 2009, in case no. 09CF325; and

- one count of operating while under the influence (5th offense), one count of obstructing an officer, one count of possession of cocaine, and two counts of bail jumping, entered on October 1, 2009 in case no. 09CF371; and

- three counts of bail jumping, entered on February 17, 2010, in case no. 09CF299.

O'Brien is proceeding on his claim that his no contest pleas to the above charges are

---

[1] Since he filed his habeas petition, petitioner has been released from prison and is now serving the extended supervision portion of his sentence, where he is supervised by the Unit 615 Office of the Department of Corrections' Division of Probation and Parole. *See* https://appsdoc.wi.gov/lop/detail.do (last visited Aug. 7, 2018). Accordingly, pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases and Fed. R. Civ. P 25(d), the caption has been amended to reflect that the proper respondent in this action is petitioner's current custodian.

invalid because he entered them in reliance on faulty assistance from his attorney. More specifically, O'Brien contends that his attorney rendered constitutionally deficient assistance when he: (1) failed to adequately investigate and spent only a brief time with O'Brien before the plea hearings; (2) failed to inform O'Brien of all the consequences of taking the pleas; (3) failed to communicate with O'Brien about matters learned in discovery; and (4) failed to raise meritorious challenges to the traffic stops in the OWI cases, including a challenge to the blood draw. *Id.*

As discussed below, the Wisconsin Court of Appeals rejected these claims, agreeing with the state circuit court that O'Brien had failed to satisfy either prong of the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), for analyzing claims of ineffective assistance of counsel. Having reviewed the Wisconsin Court of Appeals' decision, along with the record of the state court proceedings and the parties' submissions, this court finds that the state appellate court made reasonable findings of fact and applied *Strickland* in a reasonable manner when it rejected O'Brien's claims. Accordingly, O'Brien's application for habeas relief must be denied.

FACTS[2]

In 2009, petitioner was charged in the Circuit Court for Shawano County in four separate complaints with numerous felony and misdemeanor counts. Assistant State Public Defender Steven Weerts represented O'Brien on all of his cases. Weerts, a 20-year

---

[2] The following facts are drawn from the Wisconsin Court of Appeals' decision and the transcript from O'Brien's post-conviction motion hearing.

veteran of the Shawano SPD's office, negotiated a plea agreement in which O'Brien agreed to enter no-contest pleas to certain offenses, while other counts were dismissed and "read in" for sentencing purposes.

The court held a plea hearing on October 1, 2009, for cases 09CF179, 09CF325, and 09CF371. In each case, O'Brien completed a plea questionnaire and waiver of rights form, and the trial court conducted a colloquy with O'Brien to ensure that he was entering his pleas knowingly and voluntarily. O'Brien was sentenced on all three cases on December 10, 2009. In case 09CF299, O'Brien pleaded no contest and was sentenced on the same day, February 17, 2010.

On or about April 2, 2013, O'Brien filed a motion for a writ of habeas corpus in all four cases, alleging that Weerts provided ineffective assistance of counsel.[3] At a hearing on the motion, O'Brien testified that his no-contest pleas were "uninformed" because Weerts had spent only a half hour with him from the time of his arrest to the plea hearing and had not communicated with O'Brien about matters learned in discovery. However, O'Brien acknowledged that he had wanted the judge to accept the plea.

O'Brien also testified that, from his own research and review of the discovery materials after sentencing, he believed that a motion could have been brought to challenge the legality of the traffic stops that led to his OWI arrests. When asked whether he would have made a different decision if he had seen the discovery before he entered his plea, O'Brien responded:

> Well, I don't know. It's something I would really like to – I would

---

[3] Although O'Brien did not file his state habeas petition until long after his state court conviction became final, the state has conceded that the instant petition is timely. (Resp. (dkt. # 15) ¶ 5.)

> really like to discuss at length with somebody. I don't know if I would
> make a different decision, but I would certainly like to explore my
> options.

(Mot. Hrg. Tr. (dkt. # 15-17) at 15.)

Weerts was unable to remember certain specific details regarding his representation of O'Brien, which had occurred four years earlier. However, Weerts could recall meeting O'Brien at the jail and speaking to him on the phone. Weerts specifically disputed O'Brien's testimony that he spent only a half hour with him on his cases, noting that given the number of cases and charges, it would have taken longer than that just to review the charges with him. He further testified that it was his usual practice to discuss with his clients the facts and merits of each case, and in OWI cases, to explore whether there was a legal traffic stop. Weerts testified that in O'Brien's case in particular, he did not see a basis to bring such a challenge. Weerts further testified that it is his usual practice to convey all plea offers to his clients, to advise the client regarding the pros and cons of entering a plea, to review with the client what he or she would be giving up by entering a plea, and also that he does not pressure his clients to make a decision one way or the other. Finally, he testified that it was his impression that O'Brien was of above-average intelligence and that he did not have trouble understanding things.

The court denied O'Brien's motion for postconviction relief, finding that O'Brien had shown neither deficient performance nor prejudice under *Strickland*. (Hrg. Tr. (dkt. #15-18) at 29.) Noting that O'Brien and Weerts had different recollections concerning the amount of time the two spent discussing the cases, the court found Weerts's testimony more credible. Among other things, the court observed that in O'Brien's first three cases,

4

two months elapsed between the plea and sentencing during which O'Brien did not express second thoughts about his plea or Weerts's performance, nor did he raise any such concerns at the sentencing hearing. Moreover, in spite of his current complaints that Weerts did not spend enough time on his cases, O'Brien had agreed to Weerts's representation when he was charged with three new counts of bail jumping in case 09CF299. (*Id.* at 30-33.)

The court further noted that, although there was no transcript from the plea hearings in the record, it was the court's usual practice to ask a defendant at the plea hearing whether he had sufficient time to consult with his attorney, and there was nothing in the record to indicate that O'Brien had needed more time. (*Id.* at 30.) In fact, noted the court, O'Brien testified that he wanted the judge to accept the plea, which was "logical" given that Weerts had negotiated for several of the counts to be dropped. (*Id.* at 33).

The trial court then summarized each of O'Brien's cases and concluded that any suppression motions would have had little chance of success. With regard to the OWI charge in 09CF325, the court noted that the police report indicated that the officer had seen O'Brien driving erratically and weaving, plus the officer knew the driver was revoked, giving him good reasons for the stop. (*Id.* at 36.) In 09CF371, the court noted that O'Brien had pulled his vehicle into a closed business lot in the very early morning hours, which would reasonably arouse the suspicion of the officer who saw him do so. (*Id.* at 37). In short, the court concluded that the outcome of O'Brien's cases would not have been different at all, "except possibly with a different attorney, you might not have been as successful in getting so many counts knocked off." (*Id.* at 39.)

O'Brien appealed. Recognizing *Strickland* as establishing the controlling law, the

5

Wisconsin Court of Appeals agreed with the circuit court that O'Brien had shown neither deficient performance nor prejudice. With respect to Weerts's performance, the court observed that O'Brien's "accusations depend on his own credibility and the circuit court found Weerts more credible than O'Brien." *State v. O'Brien*, 2013AP2380, 2013AP2381, 2013AP2382, 2013AP2383 (Ct. App. July 29, 2014) (unpublished) (dkt. # 22-1 ¶ 5). The Wisconsin Court of Appeals also noted that some of O'Brien's allegations were inconsistent with statements he made on his plea questionnaire and waiver of rights form, and further that the trial court had indicated that its usual practice would have been to establish that O'Brien had had sufficient time to consider the State's offer. (*Id*. ¶ 6.)[4]

With respect to prejudice, the Wisconsin Court of Appeals found that O'Brien had not shown that he suffered any prejudice as a result of Weerts's alleged failure to discuss with O'Brien the rights he was giving up by pleading no contest. In particular, the court found nothing in the record to contradict the circuit court's finding that O'Brien entered his pleas after the court fully informed him of his rights. As a result, the court concluded the alleged failure of O'Brien's counsel to provide him the same information did not lead O'Brien to enter into an uninformed plea. The court further observed that when asked at the postconviction hearing if he would have made a different decision about his pleas had

---

[4] O'Brien did not supply the Wisconsin Court of Appeals with a transcript of his guilty plea hearing, even though it was his responsibility to do so. Accordingly, the appeals court assumed the missing transcripts supported the circuit court's ruling. *See State v. McAttee*, 2001 WI App 262, ¶ 5 n.1, 248 Wis. 2d 865, 637 N.W. 2d 774 ("it is the appellant's responsibility to ensure completion of the appellate record and "when an appellate record is incomplete in connection with an issue raised by the appellant, [an appellate court] must assume that the missing material supports the trial court's ruling.") (citation omitted).) This court has no basis to question the state appellate court's adherence to its own rules.

he been fully informed, O'Brien responded that he did not know.  (*Id*. ¶ 7.)

Finally, the court of appeals found that O'Brien had failed to establish prejudice from his counsel's failure to challenge the validity of the traffic stops.  It noted that "[t]he circuit court concluded there was no basis for such a challenge, and O'Brien does not present any argument on appeal to challenge that conclusion."  *Id.*, ¶ 8.

The Wisconsin Supreme Court subsequently denied O'Brien's petition for review.

## OPINION

### I. Section 2254 Review

To obtain federal habeas relief, O'Brien must show that the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> 28 U.S.C. § 2254(d).

In applying this standard, the court reviews "the last state court decision to address the merits of petitioner's claims."  *Weaver v. Nicholson,* 892 F.3d 878, 883 (7th Cir. 2018) (citing *Wilson v. Sellers,* -- U.S. --, 138 S.Ct. 1188, 1192 (2018)).  Because the Wisconsin Supreme Court declined to review O'Brien's case without addressing the merits, this court must apply the § 2254 standard to the Wisconsin Court of Appeals' decision.

A state court decision involves an "unreasonable application" of Supreme Court

7

precedent within the meaning of § 2254(d)(1) when the "state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "This is a difficult standard [for habeas petitioners] to meet; 'unreasonable' means something like lying well outside the boundaries of permissible differences of opinion." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003) (internal quotation marks omitted); *Schultz v. Page*, 313 F.3d 1010, 1015 (7th Cir. 2002) ("The state court decision is reasonable if it is minimally consistent with the facts and circumstances of the case.") (internal quotation marks omitted). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102 (citation omitted).

As for state court findings, those facts are presumed correct unless petitioner rebuts that presumption by clear and convincing evidence. *Williams v. Bartow*, 481 F.3d 492, 498 (7th Cir. 2007) (citing § 2254(e)(1)). "Unreasonableness also serves as the touchstone against which state court decisions based upon determinations of fact in light of the evidence presented are evaluated." *Ward v. Sternes*, 334 F.3d 696, 703–04 (7th Cir. 2003) (citing § 2254(d)(2)). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010) (finding that even if a view of the evidence that is contrary to the state court's conclusion is "debatable," it does not follow

8

that the state court conclusion was unreasonable). Rather, unreasonableness may be established if "a petitioner shows that the state court determined an underlying factual issue against the clear and convincing weight of the evidence." *Morgan v. Hardy*, 662 F.3d 790, 798 (7th Cir. 2011).

The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel. The test for establishing claims of ineffective assistance of counsel is well established: the defendant must show that his lawyer's performance was deficient and that defendant was prejudiced by it. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish ineffectiveness, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Moreover, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Finally, the likelihood of a different result must be substantial, not just conceivable. *Id*. at 693.

*Strickland*'s two-part test operates largely in the same fashion when the defendant challenges his counsel's performance in connection with a guilty plea. To show prejudice in that context, however, the defendant must show that he would not have pled guilty or no contest but instead would have proceeded to trial had it not been for his counsel's errors. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Where the alleged error is the failure to advise the defendant of a potential defense to the crime charged, the resolution of the question of prejudice to the defendant depends largely on whether the defense likely would have

9

succeeded at trial. *Id.*

## II. O'Brien's Claims

The Wisconsin Court of Appeals properly recognized O'Brien's Sixth Amendment right to the effective assistance of counsel, as well as his burden under *Strickland*. The question before this court, then, is whether the state appellate court's conclusion that O'Brien had shown neither deficient performance nor prejudice reflects a reasonable application of that rule. Because the standards established in *Strickland* and § 2254(d) are both highly deferential, this court's review of the Wisconsin Court of Appeals' decision is doubly so. *Richter*, 562 U.S. at 105 (citations omitted).

Reviewing the Wisconsin Court of Appeals' decision through this deferential lens, it is plain that O'Brien is not entitled to habeas relief. The essence of O'Brien's first three claims is that Weerts spent little time on O'Brien's cases and presented the plea offers as a "take it or leave it" option, without first exploring potential suppression issues, reviewing the discovery with O'Brien, or advising him of his options, and that O'Brien entered an "uninformed" plea as a result. The Wisconsin Court of Appeals reasonably rejected these allegations, accepting the circuit court's finding that Weerts was more credible than O'Brien concerning the time he spent on the cases and O'Brien's understanding of the consequences of his plea. Although O'Brien argues here that this finding was unreasonable because Weerts admitted that he lacked a specific recollection of all that transpired in O'Brien's cases, O'Brien's purported sharper memory was only one factor that bore on his credibility; other factors available to the circuit court included each witnesses' interests,

10

demeanor, candor and the consistency of his testimony with the overall facts of record. As the Wisconsin Court of Appeals noted, it was up to the trial court to assess the witnesses' credibility, and "the trial court was not required to accept O'Brien's self-serving accusation that Weerts failed to follow his usual practice." *State v. O'Brien*, ¶ 5.

In habeas cases, "[t]he resolution of a factual issue that involves the state trial court's evaluation of the credibility and demeanor of witnesses is one that is accorded particular deference." *Sprosty v. Buchler,* 79 F.3d 635, 643 (7th Cir. 1996). Here, O'Brien has failed to present clear and convincing evidence to rebut the state courts' findings that Weerts did not provide deficient performance and that O'Brien was advised of the consequences of his pleas---conclusions that were well within the bounds of reasonableness. Accordingly, this court must defer to the Wisconsin Court of Appeals' finding that O'Brien had not satisfied the deficient performance prong of the *Strickand* test with respect to his claims that Weerts had failed to adequately prepare him for his pleas or advise him of the consequences.

In his briefs, O'Brien focuses on the fourth claim identified above, namely, that Attorney Weerts failed to raise meritorious challenges to the police stops in the OWI cases (Shawano County case nos. 09CM325 and 09CM371). O'Brien also says that Weerts was deficient for failing to move under *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), to suppress evidence obtained from a draw of O'Brien's blood.

Contrary to respondent's position, these arguments are not foreclosed by the rule of *Stone v. Powell*, 428 U.S. 465 (1976), which holds that Fourth Amendment violations generally are not cognizable on federal habeas review. Indeed, in *Kimmelman v. Morrison*, 477 U.S. 365 (1986), the Supreme Court held that *Powell*'s restrictions on federal habeas

11

review of Fourth Amendment claims does not extend to a petitioner's Sixth Amendment claims of ineffective assistance of counsel. As in *Kimmelman*, O'Brien is not asserting Fourth Amendment claims directly, but is asserting that his attorney was ineffective for not raising those claims in the state court proceedings. Therefore, *Powell* does not apply here.

Regardless, O'Brien is not entitled to habeas relief. As an initial matter, *McNeely* was decided in 2013, several years *after* O'Brien entered his pleas. Weerts could not have been ineffective for failing to raise a challenge to the blood draw based on a case not yet decided. As for the other potential suppression issues, the Wisconsin Court of Appeals reasonably concluded that O'Brien had failed to meet his burden of showing a reasonable probability that the outcome would have been different had Weerts challenged the OWI stops. As the state appellate court noted, the circuit court reviewed each case and determined that motions challenging the legality of the stops were not likely to have succeeded, and O'Brien raised no challenge to this finding on appeal.[5]

Although O'Brien challenges that finding now, he fails to meet his high burden of showing that the Wisconsin Court of Appeals was unreasonable in finding no prejudice. As the state circuit court observed in case 09CF371, the fact that O'Brien drove his vehicle to the rear of a closed car lot at 12:30 a.m. arguably provided the officer with reasonable suspicion to make an investigatory stop of the vehicle. Similarly, in 09CF325, the officer clearly had reasonable suspicion to execute a stop after observing O'Brien's vehicle cross the center line and being informed via dispatch that the owner's license was revoked. (*See*

---

[5] Although O'Brien appears to have committed a procedural default by failing to challenge the trial court's ruling on this issue in the state court of appeals, the state has not raised a procedural default defense.

dkt. # 19, exhs. A & B). Under these circumstances, this court cannot say that the Wisconsin Court of Appeals was "well outside the boundaries of permissible differences of opinion" in concluding that O'Brien had failed to establish prejudice from Weerts's failure to challenge the validity of the traffic stops.

Even more critically, the Wisconsin Court of Appeals pointed out that even *O'Brien* did not testify that he would have proceeded differently had he known such challenges could have been brought. All O'Brien could say – and, tellingly, all he says in his current submissions -- is that he would have liked to have known of these potential challenges at the time he was deciding whether to enter his pleas. Even now that he is armed with this knowledge, however, O'Brien *still* has not said that he would have opted to forego the plea agreement and instead litigated the OWI charges (along with the numerous other charges, which the prosecutor likely would not have agreed to dismiss). This omission is fatal to his claim. Absent more than a hypothetical possibility that the outcome of the proceedings would have been different had Weerts advised him of possible suppression issues, O'Brien has failed to establish prejudice, much less show that the Wisconsin Court of Appeals was unreasonable in making this same finding.

In sum, O'Brien has failed to show that the Wisconsin Court of Appeals made any unreasonable findings of fact or applied *Strickland* in an unreasonable manner when they rejected his claims of ineffective assistance of counsel. Accordingly, his petition for a writ of habeas corpus must be denied.

### III. Certificate of Appealability

If O'Brien seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For all the reasons just discussed, O'Brien has not made such a showing. Therefore, a certificate of appealability will not issue.

ORDER

IT IS ORDERED that Michael O'Brien's petition for a writ of habeas corpus is DENIED and no certificate of appealability will issue.

Entered this 30th day of September, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge